UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-227-FDW
3:17-cr-134-FDW-DSC-57

| | |
|---|---|
| THOMAS OLIVER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion to Vacate Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, (Doc. No. 1).

In the underlying criminal case, Petitioner was charged in a multi-Defendant conspiracy relating to the United Blood Nation ("UBN") gang. The charges pertaining to the Petitioner are: Count (1), RICO conspiracy; Count (12), murder in aid of racketeering; Count (13), attempted Hobbs Act robbery; Count (14) using or carrying a firearm during and in relation to a crime of violence and possession of a firearm in furtherance of a crime of violence resulting in death; Count (15), attempted murder in aid of racketeering; Counts (16)-(17), using or carrying a firearm in relation to a crime of violence and possession of a firearm in furtherance of a crime of violence; Count (22), conspiracy to possess with intent to distribute marijuana; Count (23), conspiracy to possess with intent to distribute cocaine base; and Count (24), possession of a firearm in furtherance of a drug trafficking crime. (3:17-cr-134 ("CR") Doc. No. 2374). Petitioner pleaded guilty to Count (1) in exchange for the Government's dismissal of the remaining counts. (CR Doc.

1

No. 2515). He was sentenced to 420 months' imprisonment followed by three years of supervised release in a Judgment entered on February 10, 2020. (CR Doc. No. 2853). The Fourth Circuit Court of Appeals dismissed the Petitioner's direct appeal on April 22, 2021, case number 20-4140. The Petitioner has indicated that he intends to file a certiorari petition in the United States Supreme Court. (4th Cir. Case No. 20-4140, Doc. No. 63).

Petitioner filed the instant § 2255 Motion to Vacate on May 12, 2021.[1] (Doc. No. 1). He raises the following claims for relief *verbatim*:

> GROUND ONE: 4th Amendment. No sufficient evidence to sustain convictions on the charge.
>
> GROUND TWO: 5th Amendment. Ineffective counsel and I never received an evidentiary hearing.
>
> GROUND THREE: Ineffective of Counsel. My lawyer said he was retired since Oct 2017 but was still on my case not doing all he could. He never prepared for trial only kept telling me to take plea, also he never did anything I asked him to.
>
> GROUND FOUR: 13th Amendment. I was not duly convicted of these charges under the constitution.

(Doc. No. 1 at 4-6, 8).

A federal judgment becomes final for purposes of § 2255 "when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari," or, if a petitioner does not seek certiorari, "when the time for filing a certiorari petition expires." Gonzalez v. Thaler, 565 U.S. 134, 149 (2012) (quoting Clay v. United States, 537 U.S. 522, 532 (2003)).

The time for filing a certiorari petition has not yet expired, and the Petitioner has expressed his intention to file such a petition. See U.S. Sup. Ct. Rule 13 (90 days from entry of the judgment

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C.A. foll. § 2255 (addressing inmate filings).

to file a certiorari petition). The Court will, therefore, dismiss the Motion to Vacate as premature without prejudice for Petitioner to file a § 2255 petition after he either decides not to pursue certiorari relief or the certiorari proceedings conclude. See, e.g., Flores-Rojas v. United States, 2010 WL 92437 (W.D.N.C. Jan. 6, 2010) (dismissing premature § 2255 petition without prejudice).

Even if the § 2255 Motion to Vacate were not premature, it would be subject to dismissal because the claims are conclusory and the Petitioner fails to request any relief whatsoever. See Rule 2(b)(2), (3), 28 U.S.C. § 2255 foll. ("The motion must … state the facts supporting each ground [and] … state the relief requested…."). Should the Petitioner choose to refile a § 2255 petition, he must correct these deficiencies or his petition will likely be denied.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 Motion to Vacate, (Doc. No. 1), is **DISMISSED** without prejudice as premature.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

3. The Clerk of Court is instructed to mail Petitioner a blank § 2255 form and close this case.

Signed: May 27, 2021

Frank D. Whitney
United States District Judge